# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4057 | **DATE** | 11/1/2000 |
| **CASE TITLE** | McCain-Sidney vs. Evanston Township High School District 202 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 2/1/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Docs 5-1 & 5-2) to dismiss and strike is granted in part and denied in part. We dismiss Count II and strike paragraph 27 of the complaint. We decline to strike paragraph 9 of the complaint. All discovery to be completed by February 1, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed 2000 | |
| ✓ | Docketing to mail notices. | | 13 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | SCT courtroom deputy's initials | 00 NOV -1 PM 1:23 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MONICA McCAIN-SIDNEY,  )
  )
       Plaintiff,  )
  )
vs.  )   00 C 4057
  )
EVANSTON TOWNSHIP HIGH SCHOOL  )
DISTRICT 202,  )
  )
       Defendant.  )

## MEMORANDUM OPINION



CHARLES P. KOCORAS, District Judge:

INTRODUCTION

Before the Court is the Motion of Defendant Evanston Township High School District 202 ("ETHS") to Dismiss Court II and Strike Paragraphs 9 and 27 of Plaintiff's Complaint. For the following reasons, we grant ETHS's motion in part and deny it in part. We dismiss Count II and Strike Paragraph 27 of the Complaint. However, we decline to strike Paragraph 9 of the Complaint.

BACKGROUND

From October 1997 to March 1999, Plaintiff Monica McCain-Sidney ("McCain-Sidney") worked as administrator of the custodial department at ETHS.

On October 5, 1999, she filed a charge of discrimination with the Illinois Department of Human Rights and the EEOC. On the charge form, McCain-Sidney checked off "sex" as the cause of discrimination. In the section labeled "particulars," McCain-Sidney claimed to have been subjected to "sexual harassment by the Union Steward from October 1997." McCain-Sidney asserted that she had been discharged in retaliation for having complained about the harassment in February 1999. ETHS had identified the reason for her discharge as poor job performance, and did not give any reasons for failing to take action regarding McCain-Sidney's allegations of sexual harassment.

On the charge form, McCain-Sidney went on to explain that she had "been discriminated against based on my sex, female, sexual harassment, in violation of Title VII . . . and retaliated against in violation of Section 704a of the Act, in that, my performance was excellent and I had never been given any warnings prior to my discharge." McCain-Sidney also noted that her discharge occurred one week subsequent to her complaint about sexual harassment.

The EEOC issued a right to sue letter to McCain-Sidney on April 4, 2000. McCain-Sidney filed this lawsuit on July 5, 2000. Count I of her Complaint alleges sexual harassment. McCain-Sidney claims that ETHS employee Charlie Milam

("Milam") subjected her to a "continuing stream" of unwanted incidents from October 1997 to February 8, 1999. Milam allegedly made disparaging comments about McCain-Sidney's anatomy and requested dates, hugs and kisses. On February 8, 1999, Milam allegedly entered McCain-Sidney's office and asked if he could kiss and hug her. McCain-Sidney rebuffed Milam and reported the matter to a member of ETHS's Human Resources Department.

Count II of the Complaint alleges sexual discrimination. McCain-Sidney asserts that she was the first female hired as the administrator of ETHS's custodial department. During the course of her employment she performed her job duties satisfactorily, yet ETHS held her "in lower esteem than other male employees similarly situated." McCain-Sidney claims that ETHS subjected to her unequal terms of employment that amounted to sexual discrimination.

Last, Count III alleges retaliation. According to McCain-Sidney, her supervisor issued a written evaluation and recommended her termination on March 23, 1999, less than 45 days after McCain-Sidney had complained of Milam's sexual harassment. Prior to this evaluation, McCain-Sidney had received no indication of deficient job performance. To the contrary, McCain-Sidney claims to have received

complimentary letters from ETHS staff members. After her termination, a male white employee replaced McCain-Sidney.

ETHS now moves to dismiss with prejudice the sex discrimination count and strike Paragraphs 9 and 27 of the Complaint. ETHS contends that these portions of the Complaint are time-barred by the applicable 300-day statute of limitations. Alternatively, ETHS argues that McCain-Sidney failed to exhaust her administrative remedies with respect to the sex discrimination count and Paragraph 27.

## DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether the plaintiff has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115, 1118 (7th Cir. 1995). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. See Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir.1977). However, the court need "not strain to find inferences favorable to the plaintiffs" which are not apparent on the face of the complaint. Id. The court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir.1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### 1. Count II Must Be Dismissed And Paragraph 27 Must Be Struck Because McCain-Sidney Failed To Exhaust Her Administrative Remedies.

Plaintiffs in Title VII actions in federal court may bring only those claims that were included in their underlying EEOC charges. See Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). The Seventh Circuit permits plaintiffs to raise in their complaints all grounds that (1) are "like or reasonably related" to those stated in the EEOC charge, and (2) can be reasonably expected to "grow out of" an administrative investigation of those charges. See id.; Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir. 1976) (en banc). The first prong, likeness or reasonable relationship, requires that a factual relationship exist between the claims. See Cheek, 31 F.3d at 501. That is, the EEOC charge and the federal complaint must describe the same conduct and implicate the same individuals. See id. In addition, the charge must describe the discriminatory conduct in some detail. See id. at 502. The second prong of the test speculates as to what the EEOC might discover in the course of an investigation. See id. at 500. The purpose of imposing these strictures is to uphold the EEOC's investigatory and conciliatory role, as well as to furnish notice to the charged party. See id.

A recent Seventh Circuit case emphasizes the strictness of the two-pronged exhaustion of administrative remedies test. In Vela v. Village of Sauk Village, the Seventh Circuit held that an employee was prohibited from bringing a sex discrimination claim in federal court against her employer even though on her EEOC charging form she had checked a box marked "sex" as the basis of the discrimination against her. See 218 F.3d 661, 664 (7th Cir. 2000). Despite the marked box, the Vela plaintiff had failed to allege elsewhere in the form any conduct by her employer that supported a charge of sex discrimination. See id. at 663. Instead, the charging form contained only allegations of repeated sexual harassment. See id. This disparity between the charging document and the federal complaint led the Seventh Circuit to conclude that the plaintiff had established neither a "reasonable relationship" between the charge and the complaint nor a likelihood that the claims in the complaint would "grow out of" an administrative investigation of the EEOC charge. Id. at 664. As the Seventh Circuit observed, "[b]ecause an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." Id. (quoting Cheek, 31 F.3d at 501).

Rather, such claims are only alike or reasonably related if the claimant demonstrates that they rest on the same factual underpinnings. See id.

Whereas claims of sexual discrimination in a charging document and a federal complaint are not alike or reasonably related just because they both assert forms of sex discrimination, claims of sexual harassment are "wholly diverse" from claims of disparate treatment. Id. Yet McCain-Sidney asks us to buck this logic, along with the longstanding rationales underlying the Cheek and Vela line of cases, to permit her to add a sex discrimination claim to her federal complaint when she failed to include a sex discrimination allegation in her EEOC charge. McCain-Sidney points to the following excerpt to show that she included sex discrimination in the charge: "I believe that I have been discriminated against based on my sex, female, sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, and retaliated against in violation of Section 704a of the Act, in that, my performance was excellent and I had never been given any warnings prior to my discharge. I was discharged one week subsequent to my complaining about the sexual harassment I had been subjected to." Although the words "sex" and "discriminated" do appear in this excerpt, the words are not even used together to frame a coherent charge of sex discrimination. Nor do any factual allegations appear in McCain-Sidney's form that

would support such a claim if one were made. We agree with McCain-Sidney that this excerpt conveys her belief that she has suffered sexual harassment and retaliation and includes supporting facts for these two charges. However, even under the most generous interpretation of the language, the excerpt does not state a charge of sex discrimination. Accordingly, because McCain-Sidney did not raise a sex discrimination charge in her EEOC form, she may not raise it here in her Complaint.

Paragraph 27 of the Complaint, which appears under the retaliation count, states that ETHS replaced McCain-Sidney with a white male. This allegation pertain to sex discrimination, not to retaliation. Whomever ETHS selected to replace McCain-Sidney is not relevant to her claim of retaliation. Because Paragraph 27 relates to the sex discrimination claim which we have already dismissed, we will grant ETHS's motion to strike Paragraph 27 of the Complaint.

2. Paragraph 9 Survives Defendant's Motion To Strike Because It May Allege A "Continuing Violation" Part Of Which Occurred Within The Statutory Period.

Illinois is a deferral state for purposes of Title VII. See Gehrt v. University of Illinois at Urbana-Champaign Cooperative Extension Svc., 974 F. Supp. 1178, 1185 (C.D. Ill. 1997). Plaintiffs in deferral states such as Illinois must file EEOC charges within 300 days of the time they knew or should have known of facts that would

support a charge of discrimination. See id. In the case at bar, McCain-Sidney filed EEOC charges on October 5, 1999. Thus the alleged discriminatory acts must have occurred within the time period of December 9, 1998 and October 5, 1999.

In Count I of her Complaint, McCain-Sidney alleges that she was subjected to a continuing stream of unwanted incidents of sexual harassment from October 1997 to February 8, 9999. ETHS asks us to strike this paragraph of the Complaint because the alleged time period exceeds the 300-day period circumscribed by Gehrt. McCain-Sidney counters that she was subjected to continuing violations from October 1997 to February 1999. Because some of the alleged violations occurred within the 300 day period, McCain-Sidney claims that the other violations merit inclusion as well.

The "continuing violation" doctrine permits plaintiffs to seek relief for time-barred acts by linking them to acts that fall within the prescribed limitations period. See Togba v. County of Cook, No. 98 C 5756, 1999 WL 1080609, at *3 (N.D. Ill. Nov. 24, 1999). A continuing violation is one that "could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." Id. (quoting Dasgupta v. University of Wis. Bd. of Regents, 121 F.3d 1138, 1139 (7th Cir. 1997)). Often the clearest examples of continuing violations

occur in the context of sexual harassment. See Adusumilli v. Loyola Univ. of Chicago, No. 97 C 8188, 1999 WL 1011857, at *2 (N.D. Ill. Sept. 30, 1999). Because sexual harassment "often consists of a series of harassing acts, often minor in themselves, [] it may not be apparent to the victim that they add up to harassment until some time after the first act." Minor v. Ivy Tech State Coll., 174 F.3d 855, 857 (7th Cir. 1999). As soon as the harassment becomes apparent, the 300-day period begins to run and the claimant can relate back the previous instances of alleged harassment. See id.

For purposes of ETHS's instant motion to dismiss, this Court finds that McCain-Sidney's allegations may give rise to a continuing violation. McCain-Sidney apparently claims to have become aware of the allegedly harassing nature of her colleague's behavior during their February 8, 1999, encounter. This date falls well within the 300-day period prescribed by law. Whether McCain-Sidney actually knew or should have known of the allegedly harassing nature of the encounters prior to February 8 on a date outside of the 300-day period, as ETHS would have us believe, is a factual question. Further discovery will likely unearth facts pertaining to McCain-Sidney's awareness and clarify whether the continuing violation doctrine applies in this case. At this juncture, however, granting ETHS's motion to strike

Paragraph 9 would be premature. See, e.g., Adusumilli, 1999 WL 1011857, at *4 (refusing at the motion to dismiss stage to find against plaintiff under continuing violation doctrine); Togba, 1999 WL 1080609, at *2 (same).

## CONCLUSION

For the foregoing reasons, ETHS's motion is granted in part and denied in part.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: November 1, 2000